FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 21, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MELISSA G. S.[1],<br><br>    Plaintiff,<br><br>v.<br><br>FRANK BISIGNANO,<br>Commissioner of Social Security,<br><br>    Defendant. | NO. 2:25-CV-0168-TOR<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS |

BEFORE THE COURT is Defendant's Motion to Dismiss (ECF No. 6). This matter was submitted for consideration without oral argument. The Court has reviewed the record and files herein and is fully informed. For the reasons discussed below, Defendant's Motion to Dismiss (ECF No. 6) is GRANTED.

---

[1] Using Plaintiff's initials to protect her privacy.

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS ~ 1

**BACKGROUND**

This matter arises out of an appeal of a denial of Title XVI benefits under the Social Security Act. This Court previously remanded the decision of the Commissioner related to Plaintiff's claim on August 16, 2021. ECF No. 6-1 at 3. Upon review of the record, the Administrative Law Judge ("ALJ") issued a new ruling on August 30, 2022, denying Plaintiff's application for Title XVI benefits. *Id*. Contained in the ALJ's denial of benefits were instructions detailing how to challenge the decision. Plaintiff was informed she could file "written exceptions," essentially statements explaining the basis for her disagreement, within thirty days after receiving the decision. *Id*. at 5. Plaintiff was also instructed that she could request more time to file her written exceptions within thirty days of the decision. *Id*. She was also notified that if she did not file written exceptions and the Appeals Council did not take up the matter on its own, the ALJ's decision would become final, and Plaintiff would have sixty days to commence a civil action in federal court. *Id*. at 6. It was reiterated that she may challenge the decision by either (1) providing written exceptions within thirty days of receiving the decision or (2) filing a civil action between the sixty-first and 121st day of the date of notice. *Id*. at 7. The ALJ mailed Plaintiff a copy of the denial.

Plaintiff submitted her written exceptions on October 28, 2022, fifty-nine days after the decision of the ALJ. ECF No. 7 at 2. On March 1, 2023, Plaintiff

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS ~ 2

submitted a request to the Appeals Council, seeking additional time to file written exceptions. ECF No. 6-1 at 36. Plaintiff contends that between March 2023 and February 2024, counsel diligently sought information regarding the status of her request for extension and appeal. ECF No. 7 at 2. On April 3, 2025, the Appeals Council sent a letter requesting proof that the exceptions filed in October 2022 were timely. ECF No. 6-1 at 41. Plaintiff filed this action on May 20, 2025. ECF No. 1. On June 17, 2025, the Appeals Council sent Plaintiff a letter stating that they had considered the March 2023 correspondence, but that there was no proof that the exceptions had been timely filed, and that the extension was not requested within the relevant timeframe, making the ALJ's decision final. ECF No. 6-1 at 47.

## DISCUSSION

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." A 12(b)(6) motion will be denied if the plaintiff alleges a "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A motion to dismiss for failure to state a claim "tests the legal sufficiency" of the plaintiff's claims. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). While the plaintiff's "allegations of material fact

are taken as true and construed in the light most favorable to the plaintiff" the plaintiff cannot rely on "conclusory allegations of law and unwarranted inferences . . . to defeat a motion to dismiss for failure to state a claim." *In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1403 (9th Cir. 1996) (citation and brackets omitted). That is, the plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements." *Twombly*, 550 U.S. at 555. Instead, a plaintiff must show "factual content that allows the court to draw the reasonable inference that the defendant is liable for the alleged misconduct." *Iqbal*, 556 U.S. 662. A claim may be dismissed only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Navarro*, F.3d at 732.

Defendant moves for dismissal, arguing that because Plaintiff did not either file her written exceptions or a civil action in a timely manner, her Complaint should be dismissed for failure to state a claim. ECF No. 6 at 3–4. Plaintiff argues that she is entitled to equitable tolling because she has been diligently pursuing her claim, and extraordinary circumstances exist because the Appeals Council misled her by conveying that her claim was pending during the nearly two-and-a-half-year period. ECF No. 7 at 5–6.

The procedure for appealing an ALJ's decision depends on the posture of the case. Unlike claims dealing with an ALJ's initial decision, which must first be

appealed to the Appeals Council by filing a written request for review within sixty days of the ALJ's decision, *see* 20 C.F.R. § 416.1467, cases that have been remanded by a federal court for further proceedings have no requirement that the Plaintiff obtain Appeals Council review of the ALJ's new decision prior to seeking judicial review of it.  Instead, the ALJ's decision after remand becomes the final decision of the Commissioner unless the Appeals Council assumes jurisdiction, either based on the Plaintiff's timely written exceptions to the ALJ's decision or on the Appeals Council's own authority.  *See* 20 C.F.R. § 416.1484(a).  Exceptions to the ALJ's decision must be filed within thirty days of the date the Plaintiff receives the decision, unless a timely request for extension has been granted.  *See* 20 C.F.R. § 416.1484(b)(1).  If the Plaintiff does not file timely exceptions and the Appeals Council does not assume jurisdiction on its own authority within sixty days of the date of the ALJ's new decision, the ALJ's new decision becomes the final decision of the Commissioner after remand on the sixty-first day following the decision.  *See* 20 C.F.R. § 416.1484(c) and (d).  Although the ALJ must mail notice of his or her decision on remand to the Plaintiff, the Appeals Council is not required to mail notice when it declines to assume jurisdiction.  *Compare* 20 C.F.R. § 416.1477(c) *with* 20 C.F.R. § 416.1484(d).  In sum, the Appeals Council is not required to take any action before a Plaintiff is permitted to seek judicial review of the ALJ's decision on remand.

Under 42 U.S.C. § 405(g), a plaintiff has sixty days from the date that the ALJ's decision becomes final to file a civil action. Plaintiff could have challenged the ALJ's decision by either filing written exceptions within thirty days of receiving notice of the denial, or by commencing a civil action within 121 days of the denial. Plaintiff filed untimely written exceptions on October 28, 2022, which was within the sixty-day timeframe for review of the final decision, but outside the scope of the thirty days required for consideration of decisions on remand. Because Plaintiff's exceptions were untimely and the Appeals Council did not assume jurisdiction on its own authority, the ALJ's August 30, 2022, decision became final after sixty-one days, on October 20, 2022. Once the Commissioner's decision is final, Plaintiff then had sixty days, or until December 29, 2022, to commence a civil action in federal court. 42 U.S.C. § 405(g). Thus, Plaintiff's Complaint, filed on May 20, 2025, is untimely.

However, the filing requirements may be tolled under the traditional principles of equitable tolling. *Bowen v. City of New York*, 476 U.S. 467, 479–80 (1986); *Vernon v. Heckler*, 811 F.2d 1274, 1277-78 (9th Cir. 1987). The Ninth Circuit has determined that equitable tolling applies in situations where plaintiff may demonstrate excusable delay despite all due diligence. *Okafor v. United States*, 846 F.3d 337, 340 (9th Cir. 2017). Stated differently, a court may apply equitable tolling where a plaintiff has been pursuing his or her rights diligently, but

some extraordinary circumstance has stood in the way. *Harris v. Carter*, 515 F.3d 1051, 1054–55 (9th Cir. 2008).

Here, while it appears that Plaintiff had been diligent in attempting to make contact with the Appeals Council, there are no extraordinary circumstances to support equitable tolling. The notice provided to Plaintiff gave explicit instructions on challenging the ALJ'S decision. ECF No. 6-1 at 5–7. Plaintiff's counsel was aware that the exceptions were filed after the thirty days required, stating in the March 1, 2023, letter that "the prior representative filed a request for review of the August 30, 2022, ALJ decision . . . within 60 days rather than file exceptions within 30 days," but did not offer any extraordinary circumstance explaining the reason for the delay.[2] ECF No. 6-1 at 36. In support of her contention that an extraordinary circumstance exists, Plaintiff offers that the Appeals Council took over two years to respond in substance, and ultimately requested information about whether the exceptions were filed on time. ECF No. 7 at 5. However, Plaintiff's initial failure to file exceptions within the Commissioner's requirements can only be described as excusable neglect, as there

---

[2] Confusingly, the same attorney is undersigned for both the exceptions filed in October 2022 and the letter to the Appeals Council in March 2023. No. 6-1 at 35, 36.

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS ~ 7

is nothing on the record that would suggest any extraordinary circumstance exist here. *See Irwin v. Dept. of Veterans Affairs*, 498 U.S. 89, 96 (1990) ("Federal courts have typically extended equitable relief only sparingly.  We have allowed equitable tolling in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass.  We have generally been less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights . . . [T]he principles of equitable tolling described above do not extend to what is at best a garden variety claim of excusable neglect."). Having not demonstrated that filing her exceptions outside of the thirty-day timeframe was caused by extraordinary circumstances beyond her control, Plaintiff has not demonstrated that equitable tolling is appropriate.  As such, dismissal is proper as her claim is time barred.

//

//

//

//

//

//

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS ~ 8

**ACCORDINGLY, IT IS HEREBY ORDERED:**

Defendant's Motion to Dismiss (ECF No. 6) is **GRANTED**.

The District Court Executive is directed to enter this Order, enter judgment in favor of Defendant, furnish copies to counsel, and **CLOSE** the file.

DATED August 21, 2025.



Thomas O. Rice
THOMAS O. RICE
United States District Judge